## WOMACK v. DALTON ADDING MACH. SALES CO. (No. 1892.)

(Court of Civil Appeals of Texas. El Paso. May 20, 1926. Rehearing Denied June 10, 1926.)

1. Contracts ⬤⟳19—Offer may be revoked at any time before it is accepted, unless supported by consideration.

An offer may be revoked at any time before it is accepted, even though offerer has expressly declared in offer that he will not revoke it, or has by very terms of offer allowed offeree a certain time to accept, unless offer is supported by a consideration.

2. Contracts ⬤⟳16.

Unless offer is supported by independent consideration, there is, until acceptance, complete want of mutuality, and no contract between parties.

3. Principal and agent ⬤⟳92(1)—Sales ⬤⟳23 (2)—Order for adding machine, which was simply offer to buy on terms stated therein, until acceptance, might be revoked by buyer by countermand, directed to any authorized agent of company.

Order for adding machine, which was simply an offer to buy on terms stated therein, and which was not supported by any independent consideration, until acceptance, might be revoked by purchaser by countermand, directed to any authorized agent of seller company, notwithstanding order required all notices or communications relating thereto to be made to company.

4. Principal and agent ⬤⟳178(4)—Notice to seller's agent of countermand for order of adding machine was notice to principal, where it was within apparent scope of agent's authority to receive notice.

Where one who solicited and obtained order for adding machine was agent of company, and order was delivered to him for transmission to his principal, notice by buyer to him of countermand was notice to his principal, since it was within apparent scope of agent's authority to receive such notice.

Appeal from Scurry County Court; Horace Holley, Judge.

Action by the Dalton Adding Machine Sales Company against B. F. Womack. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Royall G. Smith, of El Paso, and Smith & Harris, of Snyder, for appellant.

Kirby, King, & Overshiner, of Abilene, for appellee.

HIGGINS, J. U. C. Harwell was a salesman for the Dalton Adding Machine Sales Company, a foreign corporation, hereinafter called the company. The contract of employment was in writing, and authorized Harwell "to solicit and send in to its home office orders for its machines and supplies." On July 11, 1922, at Snyder, Tex., appellant, Womack, signed and delivered to Harwell an order, addressed to the company, the material portions of which read:

"Please enter my order for the following and deliver f. o. b. Snyder, Texas: [Here follows description of an adding machine, its price, and terms of payment.] The provisions on the other side are a part of this order. * * * This order subject to the approval of the Dalton Adding Machine Sales Company, Cincinnati, Ohio."

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the back of the order, among other provisions, are the following:

"This printed and written document, when approved by an executive officer of your company at Cincinnati, Ohio, is to constitute the entire agreement and understanding between the parties hereto."

"It is expressly agreed that this order shall not be countermanded, that the original hereof has been unconditionally released and delivered for transmission to the Dalton Adding Machine Sales Company, and that any notice or communication relating hereto or contemplated, hereby shall be made in writing to said company at Cincinnati, Ohio, and not otherwise. * * * "

The order was approved by an executive officer of the company at Cincinnati, on July 21, 1922. The trial court found that on July 13, 1922, Womack notified Harwell, at Abilene, Tex., by registered mail, of his cancellation of the order. This finding is supported by the evidence.

Subsequent to the approval of the order, the company shipped the machine to Womack, and upon his refusal to accept and pay for same brought this suit to recover the purchase price. In his conclusions of law the trial court held that Womack was bound by all the provisions of the order which he had given from the time he signed same; wherefore the countermand communicated to Harwell was ineffective, because of the provisions requiring all notices or communications relating to the order to be made to the company at Cincinnati. Upon this view, judgment was rendered in favor of the company as prayed for.

[1] The order was simply an offer to buy upon the terms stated therein. It is elementary that an offer may be revoked at any time before it is accepted. This is true, even though the offerer has expressly declared in the offer that he will not revoke it, or has by the very terms of the offer allowed the offeree a certain time to accept, unless the offer is supported by a consideration. 13 C. J. 293, 294.

[2, 3] Unless an offer is supported by an independent consideration, there is, until acceptance, a complete want of mutuality, and no contract between the parties. In the present case there was no independent consideration for the offer, and the appellant, until acceptance, was not bound by any of its provisions. He had the right to revoke his order by countermand directed to any authorized agent of the company. Whitaker v. Zeihme (Tex. Civ. App.) 61 S. W. 499.

The appellee is a corporation. Any one dealing with it of necessity deals with an agent. The fact that Harwell was not expressly authorized by his employer to accept notice of countermand is immaterial, if it was within the apparent scope of his authority. The provision in the order that it should not be countermanded, and that any notice or communication relating thereto should be made in writing to the company at Cincinnati, was purely contractual, and for the reason heretofore indicated was in no wise binding upon appellant until the order was accepted by the company. It did not affect Womack with notice of any limitation upon Harwell's authority with respect to the order. According to the provision, notice of countermand to any representative of the company would have been ineffective. It is wholly inadmissible to give the provision such effect prior to acceptance.

[4] Harwell was the agent of the company, who solicited and obtained the order, and to whom it was delivered for transmission to his principal. In our opinion, notice to him of countermand was notice to his principal, because it was within the apparent scope of his authority to receive such notice. Pughe v. Coleman (Tex. Civ. App.) 44 S. W. 577; Security, etc., v. Calvert (Tex. Civ. App.) 100 S. W. 1033; 1 Elliott on Contracts, pp. 35–37; 1 Mechem on Agency (2d Ed.) § 907. Suppose, after the delivery of the order to Harwell, and prior to his departure from the building, Womack decided to cancel the same, and had so notified Harwell. We do not think it could be successfully contended that such notice was ineffective, because of Harwell's lack of authority to receive such notice. If Womack could effectively countermand the order at that time by notice to Harwell, he could do so two days later by notice to Harwell at Abilene.

The order having been effectively countermanded before its acceptance, the court erred in rendering judgment in favor of the company.

Reversed and rendered.