## COURREGES v. SYSTEM FREIGHT SERVICE, Inc.

### No. 4065.

Court of Civil Appeals of Texas. El Paso.

April 24, 1941.

Harrison, Rasberry & Lipscomb, of El Paso, for appellant.

Robert L. Holliday and Harold L. Sims, both of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the Sixty-Fifth District Court of El Paso County. The trial was to a jury, and on the verdict of the jury the court rendered judgment for the defendant. From that judgment the plaintiff has perfected this appeal.

The parties will be designated as they were in the trial court.

The combined pleadings of the plaintiff, N. L. Courreges, are lengthy and will be stated as briefly as may be for a clear understanding thereof.

Plaintiff alleged that on or about September 20, 1935, the defendant, System Freight Service, Inc. (then operating under another name), was engaged in the business of a common carrier of freight between Phoenix and Los Angeles, and desired to extend its operations east from Phoenix and Tucson to El Paso. The extension was known and operated thereafter as the El Paso Division. The plaintiff alleged he was experienced in. the truck freight business in the territory to be served by the extension and had acquaintances and connections in such territory. He claimed he perfected an arrangement and agreement with the defendant to combine his skill and labor with the capital and equipment of the defendant to operate such extension. It was necessary or advisable, he claimed, to procure a permit from the State of New Mexico to operate their trucks through that State. For his services and influence and efforts in setting up the extension he claimed the defendant agreed when the New Mexico permit was obtained a new corporation would be formed to operate the extension and he should have 25% of the stock and the defendant 75%, and until such was completed he should own 25% of the business of the extension and the defendant 75% thereof. The defendant denied the agreement claimed by the plaintiff.

A permit was obtained in New Mexico and the extension set in operation. The plaintiff resigned his posirion with another freight line and commenced work for the defendant at El Paso for a salary of $200 per month and expenses. It was alleged,

and the facts are, the new corporation was never organized.

Plaintiff claimed the extension was continued in operation from on or about October 1, 1935, to on or about September 20, 1936, under the arrangement as alleged. He claimed a 25% interest in the net profits from October 1, 1935, to September 20, 1936, and 25% interest in the operation of the El Paso Division. He alleged a dissolution of the partnership or joint venture arrangement on September 20, 1936, and that he entered into a new agreement and arrangement. Under the new arrangement claimed by him the defendant had made and would prosecute an application with the Interstate Commerce Commission for a certificate of public convenience and necessity and when such certificate should be obtained he should have and own, in a New Mexico corporation organized as originally planned to operate the El Paso Division, 10% of the stock of such operating concern, and until such time as the same was obtained he would own 10% of the net profits and of the El Paso Division operation, and draw a monthly salary of $200 and expenses until further arrangements. He further alleged that if the new arrangement evidenced by an instrument in writing be construed not to provide for his claimed 10% interest, then there exists a mutual mistake of fact, and sought to have the same reformed. The plaintiff continued to work for the defendant until April 15, 1938, when he was discharged by the defendant. He sought to recover his claimed 10% interest in the profits and El Paso Division operation.

Plaintiff's petition discloses that the defendant did make the application for a certificate of public convenience and necessity and that the same was denied on January 14, 1938, but was still pending on a motion for rehearing. The plaintiff claimed the purchase of the certificate, business and property of the Phoenix-El Paso Express, Inc., by the defendant May 1, 1938, was a breach of his contract with it and claimed the defendant in a position where it could not perform its contract with him, by reason of all of which he asserted his right to an accounting and for the recovery of his interests and damages.

Plaintiff, in the alternative, sought, in addition to the salary paid and received in the sum of $200 per month, what he claimed to be the reasonable value of the services which he rendered the defendant, and by a first trial amendment claimed in all events his written contract dated September 28, 1936, was one of employment, and that he is entitled to receive the monthly salary of $200 so long as the defendant operates the El Paso Division.

By a second trial amendment plaintiff averred that if he be mistaken in prior allegations of his petition in the alternative, in any event, he, on or about September 29, 1935, had an agreement with the defendant to jointly operate a freight line between Phoenix, Tucson and El Paso, and he was to have a 25% interest therein.

The defendant answered with a general demurrer, a general denial, specially denied under oath that any partnership or joint venture ever existed between plaintiff and defendant; the statute of frauds, two years statute of limitation; and a cross-action wherein it sought recovery against the plaintiff on two promissory notes executed by plaintiff and payable to the defendant.

Plaintiff has ten assignments of error, which we deem unnecessary to set out in detail, and four propositions briefed thereunder.

The first proposition in substance is that when the defendant purchased the operating rights of the Phoenix-El Paso Express, Inc., it placed itself in position where it could not obtain a certificate of convenience and necessity to operate a truck line between Phoenix, Tucson and El Paso, and thereby breached its contract with him, and the measure of his damages is 10% of the purchase price, which purchase price was $30,000.

The letter-contract dated September 28, 1936, is as follows:

"Dear Numa:

"Confirming our verbal agreement with you on or about September 25, 1935, we hereby agree to assign to you a ten percent (10%) interest in that part of our operation known as the El Paso Division, under the following conditions:

"1. It is understood that we have filed an application (Form BMC-8) with the Interstate Commerce Commission covering this particular phase of our operation, and the hearing has not yet been completed.

"2. It is further understood and agreed that if the above mentioned application is acted upon favorably and a certificate of Public Convenience and Necessity is granted, we will immediately take steps to form

a corporation in the State of New Mexico under the name of System Arizona Express Service of New Mexico.

"3. When the above incorporation is completed we will transfer the El Paso Division from the present corporation to the new corporation.

"4. After the above transfer is made we agree to issue to you ten percent (10%) of the stock of the said System Arizona Express Service of New Mexico.

"5. It is further understood and agreed that if or when you sever your active relations with the System Arizona Express Service of your own accord, the corporation or its stockholders will have the option to purchase your stock at book value.

"It is understood and agreed that the purpose of this letter is to assure you of our sincerity in our verbal promise, and also to make it clear that if a certificate of Public Convenience and Necessity is not granted on our application #BMC-8 now before the Commission, no further consideration is due you in this regard."

 The proof shows the application was made by the defendant for the certificate and denied prior to the purchase by it of Phoenix-El Paso Express, Inc., and that the application at the time of the trial was still pending on a motion for rehearing. The undisputed proof also shows the plaintiff individually first secured an option to buy the Phoenix-El Paso Express, Inc., but was financially unable to carry out his option; that the defendant thereafter, and after the discovery of the efforts of plaintiff to purchase it, acquired the same by purchase. Any rights plaintiff may be entitled to under the letter-contract above are made to depend upon the issuance and acquisition of a certificate of convenience and necessity as therein provided. The trial court could not, nor can this court, presume in advance of the final disposition of the application that the certificate will be refused, and because of the purchase of the Phoenix-El Paso Express, Inc., by the defendant. The issuance of the certificate was made a condition precedent by the express terms of the contract. Until the certificate issues there can be no breach or liability on the part of the defendant, unless the plaintiff can establish the failure to issue is brought about by some act of the defendant. When a promise is subject to a condition precedent, there is no liability or obligation on the part of the promisor, and there can be no breach of the contract unless the contingency occurs. This is elementary. See Reinert v. Lawson, Tex.Civ. App., 113 S.W.2d 293; 10 Tex.Jur. p. 396, Sec. 225, and cases cited.

 By assignment and his second proposition the plaintiff asserts the letter-contract of September 28, 1936, was a contract of employment, and he is entitled to recover $200 per month from April 15, 1938, the date of his discharge, to date of trial. A casual reference to this contract will disclose that it has no reference to employment but has to do with an interest in the stock of a new corporation to be organized when and if the certificate is issued. This proposition is overruled.

 Under his third proposition and his assignments of error the plaintiff complains that the trial court erred in not granting him a new trial because of the discovery of new evidence that may be procured from four witnesses. We think this proposition cannot be sustained. The motion predicated on newly discovered evidence is addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed unless it appears there has been an abuse of that discretion. 31 Tex.Jur. p. 91, Sec. 82, and the many cases cited. The claimed newly discovered evidence is that the witnesses had heard the officials of the defendant say the plaintiff owned a 25% interest in the El Paso Division. There was much evidence pro and con on that question. An issue on that phase of the case was submitted to the jury and determined against the plaintiff. At most it was merely cumulative. The plaintiff pleaded an original oral contract and claimed under it the 25% interest. By his pleadings he says it was subsequently reduced to 10%, as embodied in the letter-contract. The defendant denied the original claim and asserted the interest was always ten percent. It will be noted the letter-contract refers to and confirms the verbal agreement of September, 1935. Plaintiff sought no finding of mistake, accident or fraud, and in the absence thereof it will be presumed the written contract embraced the terms of their understanding.

 In his fourth proposition under his assignments the plaintiff asserts the findings of the jury to the effect that he was to receive a 10% interest in the El Paso Division and that dependent upon the issuance of the certificate is so contrary to the preponderance of the evidence as to be clearly wrong and in such conflict with the

justice of the case as to make the judgment of the court unconscionable.

In this case there was a conflict of testimony and the jury were required to make a choice. They found against the contention of the plaintiff, and the evidence is sufficient to support the finding.

As already observed, the written contract specifically refers to the conversations and oral understanding had on or about September 25, 1935, and purports to embody therein the agreement of the parties. In the absence of accident, mistake or fraud it is presumed the writing contains the agreement of the parties.

We find no error, and the judgment is affirmed.