Jack PERRY, Appellant,

v.

Ira C. LITTLE, Sr., Appellee.

No. 25.

Court of Civil Appeals of Texas.

Tyler.

April 2, 1964.

Rehearing Denied April 23, 1964.

Joseph Jaworski, Bracewell, Reynolds & Patterson, Houston, for appellant.

W. Newton Barnes, Barnes & Barnes, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment. Appellant instituted suit against appellee in the 95th District Court of Dallas County for breach of contract. Both appellant and appellee filed motions for summary judgment, and the court below granted to appellee a summary judgment and overruled appellant's motion for summary judgment.

In the trial court appellant was plaintiff and appellee was defendant, and in this opinion they will be referred to as plaintiff and defendant.

Plaintiff says in his original petition that he was the owner of Certificate No. 109 issued by the Medical Specialties Sales Corporation of Dallas, Texas, which represents 5,000 shares of the common stock of said corporation; that on the 11th day of July, 1961, plaintiff and defendant, for a valuable consideration and in consideration of the mutual promises therein set forth, agreed in writing in a written contract, and by reason of said contract defendant agreed to purchase the above-mentioned stock from plaintiff on January 22, 1962, at the price of $5.00 per share; that on January 22, 1962, plaintiff still owned and held the said stock and stock certificate. On January 23, 1962, by United States mail, he wrote defendant that he so held the stock and informed him that he was ready, willing and able to sell said stock to him for the consideration expressed. Plaintiff further says that from and after January 22, 1962, he did perform each and every obligation required of him in the contract sued upon and has called upon and demanded of defendant to purchase his stock pursuant to the alleged contract and plaintiff has many times made demand on defendant for performance of said alleged contract which defendant has failed and refused to per-

form in whole or in part to plaintiff's damage in the sum of $25,000.00, with interest thereon. The alleged contract, which is the basis of this lawsuit, consists of a letter from defendant to the plaintiff dated July 11, 1961, which reads as follows:

"July 11, 1961

"Mr. Jack Perry
"806 Waugh Drive
"Houston, Texas

"Dear Sir:

"This is to advise that you are holding 5,000 shares of Medical Specialties Sales Corporation stock which I will purchase from you at $5.00 per share on January 22, 1962. This commitment to purchase is good in the event you are holding the stock on this date.

"It is further understood that C. W. Deaton has the right to pick up this stock from you on or before January 22, 1962 at $5.00 per share.

"In the event Mr. Deaton should want to pick up this stock from you, I want you to have him procure a letter in writing from me before you release the stock.

"Yours very truly,
"I. C. Little /s/
"I. C. Little"

The alleged demand by the plaintiff on defendant is by the following letter from plaintiff to defendant.

"January 23, 1962

"Mr. I. C. Little
"I. C. Little Contractors
"Suite 603
"Fidelity Union Life Building
"Dallas, Texas

"Dear Mr. Little:

"In accordance with your letter of July 11, 1961, I am writing you to let you know that I am holding 5,000 of Medical Specialties Sales Corporation stock which you have agreed to purchase from me at $5. per share.

"I am also informing Mr. C. W. Deaton of the due date in case he wants to exercise his option to pick it up.

"I am looking forward to hearing from you regarding this matter.

"Sincerely,
"Jack Perry"

Defendant has plead under oath in his first amended original answer and has testified in his deposition and in his affidavit attached to his answer to plaintiff's motion for summary judgment that plaintiff and defendant agreed that such letter, which constitutes the basis for plaintiff's suit, would not be delivered nor would same be binding upon defendant until and unless defendant had a further conversation and agreement with one C. W. Deaton; that such consideration and agreement never took place, of which fact plaintiff had full knowledge; that therefore such letter was never validly delivered to plaintiff and same never became a binding and enforceable agreement; further, that it was specifically agreed and understood between plaintiff and defendant that such letter was to be delivered only for the purpose of guaranteeing to plaintiff that he would receive certain shares of the capital stock of Freeport Bank & Trust Company, a Bahamas corporation; that upon delivery of that stock to plaintiff, such letter would be returned and would be of no further force and effect and defendant would not be further obligated thereby; that such stock was delivered to plaintiff according to his testimony in his deposition on file herein, and thereby said letter and any promise contained therein were rendered void and of no further force and effect and the alleged option therein granted to plaintiff was terminated.

Plaintiff first urges that the trial court erred in considering defendant's motion for summary judgment because the motion is insufficient as a matter of law in (a) there is a total absence of proper affidavits; (b) defendant's affidavit contains mere conclusions; (c) failure to attach exhibits; and (d) failure to comply with the rule precludes consideration of defendant's motion.

In support of his alleged error, plaintiff, in his brief, contends that defendant's motion for summary judgment was insufficient as a matter of law because there were no proper affidavits attached. The motion, furthermore, made reference to extrinsic documents which were not certified to or attached to the pleadings and defendant's failure to comply with Rule 166–A(e), Texas Rules of Civil Procedure, should have precluded the court's consideration of defendant's motion for summary judgment. We overrule this contention.

■ In the case at bar, the defendant, in his motion for summary judgment, stated that the depositions of each of the parties on file herein are incorporated herein and made a part hereof for all purposes and reference is made to the pleadings, depositions, and affidavit attached to defendant's answer to plaintiff's motion for summary judgment on file herein. Since the documents were a part of the trial court record in this cause it was sufficient to refer to them in the motion without attaching same thereto and they were properly before the trial court for consideration. Willoughby, et al. v. Jones, et al., 151 Tex. 435, 2551 S.W.2d 508; Maxwell v. Campbell, Tex.Civ.App., 282 S.W.2d 957 (writ ref.).

Plaintiff has cited as authority for his contention in this regard the case of Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. The Martin case is not applicable, in that the document therein referred to in the motion for summary judgment was not filed among the papers in the cause nor was it a part of the record in the trial court.

■ It is immaterial as to whether defendant's motion for summary judgment was properly sworn to. It is not necessary that a motion for summary judgment be verified. Willoughby, et al. v. Jones, et al., supra. The affidavit of the defendant, Ira C. Little, Sr., appears to comply with Rule 166–A. It states that he is over twenty-one years of age, of sound mind, has never been convicted of any crime or offense, that he

has personal knowledge of every statement therein made, and said affidavit is subscribed and sworn to before a Notary Public in and for Dallas County, Texas.

■ Plaintiff has raised numerous points of error on this appeal. However, we think this case will have to be reversed and remanded because the pleadings, affidavits, and depositions raise genuine issues of material fact. The defendant, through his sworn answer, deposition, and affidavit, says that at a time prior to the alleged delivery of the letter signed by him and directed to Jack Perry, dated July 11, 1961, he had a telephone conversation with Perry wherein they agreed that the letter would not be delivered and that no money or other consideration would be paid by Perry to Deaton, or anyone else, and that no transaction would be completed between Perry and Deaton until he (Little) had an opportunity to talk to Mr. Deaton and clarify the terms of such proposed transaction with him, which condition defendant says was never fulfilled. Defendant further says that it was agreed that this agreement would be a condition precedent to his being bound or obligated on said letter in any manner. That in the same conversation it was specifically agreed that in the event such letter was delivered to him it would be returned to Little and would be of no further force and effect in the event Deaton delivered to Perry 5 shares of the stock of the Freeport Bank & Trust Company and that upon such delivery Little would not be further obligated on said letter. The plaintiff denies that any such agreement was made, but does admit that he received the 5 shares of the stock in the Freeport Bank & Trust Company prior to January 22, 1962. If such an agreement was entered into between the plaintiff and defendant, it would constitute a condition precedent to the letter taking effect. A condition precedent is such as must happen or be performed before a right can accrue to enforce an obligation dependent upon the happening or performance thereof against another in favor of one claiming such right. Cozby v.

Edwards, Tex.Civ.App., 203 S.W.2d 569; Bowers, et al. v. Bowers, et al., Tex.Civ. App., 99 S.W.2d 334; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894.

■ A condition precedent in the law of contracts may be either a condition which must be performed before the agreement of the parties shall become a binding contract, or it may be a condition which must be fulfilled before the duty to perform an existing contract arises. So, such conditions may relate either to the formation of contracts or to liability under them. 17A C.J.S. Contracts § 338, pages 318–319; Continental Transfer & Storage Co. v. Swann, Tex.Civ. App., 278 S.W.2d 413.

In the case of Reinert v. Lawson, Tex. Civ.App., 113 S.W.2d 293, the court said:

"The parties to a contract may agree that it shall not become effective or binding until or unless some specified condition is performed or occurs, in which case there is no binding contract until such condition has been complied with. 10 Tex.Jur. p. 52, § 29, and authorities there cited. Such a stipulation is called a 'condition precedent.' 10 Tex.Jur. p. 343, § 197, and authorities there cited. When a promise is subject to a condition precedent, there is no liability or obligation on the promisor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. 10 Tex.Jur. p. 396, § 225, and authorities cited; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900, par. 4; First Methodist Episcopal Church v. Soden, 131 Wash. 228, 229 P. 534, 536, par. 3."

As additional authorities on this point we cite Bowers v. Bowers, supra; Courreges v. System Freight Service, Inc., Tex.Civ. App., 152 S.W.2d 841.

In the case of Faulkner v. Otto, Tex.Civ. App., 230 S.W. 447, the court said that:

"The stipulation with reference to securing the loan from the Federal Land Bank is clearly a condition precedent. It expressly provides that if said loan is not secured neither party is bound by the contract. The effect of this stipulation is to postpone performance by both parties of any of the obligations resting upon them respectively until the loan is secured. Precedent conditions are defined to be those which are to be performed or fulfilled before the obligation of the contract commenced."

■ Plaintiff contends that the contract speaks for itself and parol evidence regarding a stipulation made prior to the execution and delivery of the contract is inadmissible. We do not agree.

■ It is generally held that a conditional delivery of a writing may be shown by parol testimony if the conditional delivery establishes a condition precedent rather than a condition subsequent. This view is based on the principle that if the effectiveness of an act is dependent upon the happening of some future event, the act is not consummated until the happening of the event. Guisinger v. Hughes, Tex.Civ. App., 363 S.W.2d 861.

■ Parol evidence is admissible which tends to show that an instrument was never, in fact, delivered as a present contract, unconditionally binding according to its terms from the time of delivery, but that it was delivered to become an absolute obligation upon the happening of a certain event or contingency, and that such event or contingency has never occurred. Such evidence does not contradict or vary the terms of the writing, but tends to show that the instrument has never had any legal inception rendering it valid and binding as between the parties. Holt v. Gordon, Tex.Civ. App., 176 S.W. 902.

In Morris v. Logan, et al., Tex.Civ.App., 273 S.W. 1019 (writ ref.), the court held:

"A written contract, be it deed or note or otherwise, does not become ef-

fective until it is delivered to the grantee, or some one for him, for that purpose and with that intention. If it is delivered into the possession of the grantee upon a special condition, as in this case, it is but a conditional delivery; and such delivery does not become absolute, and the instrument does not become effective, until the happening of the contingency provided for. In such case it is proper to show the stipulated condition, to which end the true facts and circumstances evidencing the intention and agreement of the parties may be shown by parol evidence, and when thus ascertained will be given effect."

Other authorities to the same effect are Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724; Juliani v. Fitz-Gibbon, Tex.Civ.App., 234 S.W.2d 448.

▐ Of course, there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. This distinction is not always clearly apparent from the provisions of the condition. But, when the distinction is ascertainable, and is determined, the rules concerning its enforceability thus ascertained are clearly distinguishable. A parol condition affecting the delivery of a written obligation is enforceable; whereas, a parol condition affecting the payment of a delivered written instrument is not enforceable if it operates to add to, take from, or vary, the terms of the written instrument. Moser v. John F. Buckner & Sons, Tex.Civ. App., 283 S.W.2d 404; Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581; Farrar v. Holt, Tex.Civ.App., 178 S.W. 618; Nelson v. Boggs, Tex.Civ.App., 177 S.W. 1005.

The parol condition as alleged by defendant in this case does not operate to add to, take from, or vary, the terms set out in the letter from Little to Perry.

Our Supreme Court, in the case of Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, said:

"It may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain conditions."

▐ It is the rule universally recognized that in a suit to enforce an ordinary contract in writing which does not involve title to land, testimony is admissible to show a contemporaneous parol agreement that the instrument was delivered with the understanding that it was not to become effective until the happening of certain event. Republic Supply Company v. Barrow, Tex. Civ.App., 41 S.W.2d 475; Watson v. Rice, Tex.Civ.App., 166 S.W. 106 (writ ref.); Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097.

▐ Defendant takes the position that there is a lack of mutuality of obligation. We consider the letter from Little to Perry, on which this lawsuit is founded, to be nothing more than an offer to purchase a certain amount of stock at a fixed price and at a specified time, in the event certain contingencies came to pass. If plaintiff accepted Little's letter, then there would be a mutual obligation as there would be a promise for a promise. Williams v. Rogan, et al., 59 Tex. 438.

The Supreme Court of Texas held in the case of Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320, that:

" 'A bilateral contract' is one in which there are mutual promises between two parties to the contract, each party being both a promisor and a promisee."

As further authority, we cite the case of Simmons and Simmons Construction Co. v. Rea, 155 Tex. 353, 286 S.W.2d 415, an opinion by our Supreme Court written by Justice Calvert, wherein it announced the general rule to be that when a contract be-

tween two parties is reduced to writing and signed by one party and expressly accepted orally by the other it is sufficient to impress upon it the character of a written instrument, and that a written instrument signed by one party and expressly accepted orally by the other becomes a written contract.

The Supreme Court in the case of Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, said:

> "Mutuality is absent when one only of the contracting parties is bound to perform, and the rights of the parties exist at the option of one only. And, conversely, a contract is not unilateral where it contains mutual obligations binding on both parties. * *
>
> "It is quite elementary that the promise of one party is a valid consideration for the promise of the other party."

 Unless an offer is supported by an independent consideration, there is, until acceptance, a complete want of mutuality, and no contract between the parties. Womack v. Dalton Adding Machine Sales Co., Tex.Civ.App., 285 S.W. 680; Johnson, et al. v. Breckenridge-Stephens Title Company, Tex.Com.App., 257 S.W. 223.

In the present case, there was no independent consideration for the offer, and defendant, until acceptance, was not bound by any of its provisions.

Plaintiff, by deposition, testified that, in the telephone conversation between him and Little prior to the delivery of the letter (from Little to Perry) that he accepted the letter. Defendant contends that there was no acceptance of the letter.

The letter itself does not obligate plaintiff to sell to defendant the stock referred to therein. Therefore, we believe a question of fact was raised as to whether plaintiff accepted the offer contained in the letter within the specified time stated in the letter. Also, we believe an issue of fact was raised as to whether defendant's letter was de-

livered to plaintiff for the special purposes alleged.

Appellant's other points of error are without merit and are overruled.

For these reasons, the decision of the trial court is reversed, and the case remanded for trial on its merits.