Dean TOLAND, Appellant,

v.

Mendel S. KALIFF, Appellee.

No. 14721.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1968.

Frank J. Greene, Philip S. Jacobs, San Antonio, for appellant.

Arthur Gochman, Frank Herrera, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

Suit by Dean Toland, a licensed real estate broker, plaintiff below, against Mendel S. Kaliff, defendant below, for recovery of a part of earnest money deposited by Kaliff in connection with an earnest money contract of purchase and sale by Acme Home Builders & Loan, Inc., as seller and Kaliff as purchaser, in which Toland was the broker. Toland instituted suit against Kaliff alleging that all of the conditions precedent to said contract had been complied with, that Kaliff refused to purchase the property involved, and that Toland was entitled to $5,000, one-half of the earnest money, as liquidated damages. Trial was to the court without a jury and judgment was rendered by the court that Toland take nothing. Findings of fact made by the trial court, which are undisputed in the record, may be summarized as follows: Acme, Kaliff, and Toland executed an earnest money agreement on October 13, 1967 (Plaintiff's Exhibit 1), which instrument provides: "Contract subject to Buyer obtaining an engineering inspection and approval of property." Kaliff did not inspect the property prior to the execution of such instrument. After execution of such instrument Kaliff did not obtain an engineering inspection and approval of the property. After execution of such instrument Kaliff and an engineer did inspect the property. Upon inspection of the property the engineer and Kaliff disapproved of the property. The other parties to such instrument were notified by Kaliff of such disapproval, and no sale or conveyance of the property was made to Kaliff.

The following conclusions of law were made by the trial court:

"1. A condition precedent to formation of a contract between the parties was not performed.

"2. No contract between the parties has been formed."

On October 13, 1967, Acme, the seller, Kaliff, the buyer, and Toland, the agent, executed an earnest money contract wherein Acme agreed to sell and Kaliff agreed to purchase certain apartment units in Universal City, Bexar County, Texas. Part of the consideration for the property provided for in such contract was the execution of a third lien note by Kaliff to Toland in the amount of $50,000, and the regular commission clause provided for in said contract was deleted. The agreement contained a provision that upon failure of the purchaser to comply with the terms of the contract "for any reason except title defects, the seller may, and at the option of the agent herein, shall retain this earnest mon-

ey as liquidated damages for breach of contract, one-half to be retained by the seller and one-half (but not exceeding agent's regular commission) to be paid to the agent herein, or specific performance may be enforced." The instrument, which was a printed form, provided at the bottom of page 1: "This contract is also subject to the terms on the next page marked 'Exhibit A' which is hereby made a part of this contract." One of the conditions provided for in said Exhibit A was: "1. Contract subject to Buyer obtaining an engineering inspection and approval of property."

Subsequent to the execution of such instrument, Kaliff along with George Ozuna, Jr., a consultant engineer, inspected the property. Ozuna. submitted a written report to Kaliff in which he pointed out structural defects and existing discrepancies, and upon Ozuna's report and disapproval of the property Kaliff notified the seller and Toland that he disapproved of the property and desired the return of the $10,000 earnest money deposited by him. Thereafter Kaliff and Acme executed an agreement of mutual release, wherein it was agreed that said earnest money contract was null and void and cancelled, and that Kaliff was entitled to the return of the earnest money put up, and further provided that "This instrument does not effect or release the rights, if any, of Dean Toland or Security Title Co.," the escrow agent and title company involved. Kaliff testified that Acme advised him that it had been out about $700.00 costs in connection with said transaction, and that he reimbursed Acme in that amount for such costs.

Toland asserts two points of error: (1) The evidence conclusively establishes that all conditions of the earnest money contract had been satisfied and that Mendel S. Kaliff was in default of the contract when he failed to tender the real estate commission as provided for in the contract. (2) The evidence conclusively establishes that by his acts and conduct, Kaliff was satisfied that all conditions of the contract had been satisfied.

A condition precedent in the law of contracts is such as must happen or be performed before a right can accrue to enforce an obligation dependent upon the happening or performance thereof against another in favor of one claiming such right. Burns v. American Nat. Ins. Co., 280 S.W. 762, 765 (Tex.Com.App.1926, judgment adopted); Perry v. Little, 377 S.W.2d 765 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); Cozby v. Edwards, 203 S.W.2d 569 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n. r. e.); Bowers v. Bowers, 99 S.W. 2d 334 (Tex.Civ.App.—Amarillo 1936, writ dism'd). A condition precedent in the law of contracts may be either a condition which must be performed before agreement of parties shall become a binding contract, or may be a condition which must be fulfilled before duty to perform existing contract arises. Perry v. Little, supra; 17A C.J.S. Contracts § 338, pp. 318–319. In the case of Reinert v. Lawson, 113 S.W. 2d 293 (Tex.Civ.App.—Waco 1938, no writ), the Court said: "The parties to a contract may agree that it shall not become effective or binding until or unless some specified condition is performed or occurs, in which case there is no binding contract until such condition has been complied with. 10 Tex.Jur. p. 52, § 29, and authorities there cited. Such a stipulation is called a 'condition precedent.' 10 Tex.Jur. p. 343, § 197, and authorities there cited. When a promise is subject to a condition precedent, there is no liability or obligation on the promissor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. 10 Tex.Jur. p. 396, § 225, and authorities cited; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900, par. 4; First Methodist Episcopal Church v. Soden, 131 Wash. 228, 229 P. 534, 536, par. 3."

Toland makes no contention that there were no conditions precedent under such contract to be performed, nor does he contend that the condition precedent providing for inspection of the property by an engineer and approval of such property

was ever obtained. It is his contention, however, that the settlement and release agreement executed by Acme and Kaliff, and the payment by Kaliff to Acme of the sum of $700.00, constituted a waiver on the part of Kaliff of such condition precedent and that Kaliff's conduct constituted a ratification and affirmance of the contract. We find no merit in such contention. A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855 (1958); Stowers v. Harper, 376 S.W.2d 34 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); Ryan v. Winegardner, 348 S.W.2d 284 (Tex.Civ.App.—Eastland 1961, no writ); Moore v. Price, 103 S.W. 234 (Tex.Civ.App.1907, writ ref'd); 60 Tex.Jur.2d Waiver, §§ 1–4. There is nothing in the record to indicate that Kaliff ever waived the condition precedent with regard to the inspection of the property and approval by an engineer, but, rather, the testimony unequivocally establishes that Kaliff had the property inspected by an engineer; that the engineer disapproved of such property, and that Kaliff notified the other parties of such disapproval. Nor does Kaliff's conduct in connection with the signing of the agreement of mutual release evidence a waiver of such condition precedent, a relinquishment of any right, or a ratification of the contract. Such agreement of mutual release specifically recites "that said Earnest Money Contract is cancelled and is null and void." It should be remembered that in connection with the earnest money contract, which was in writing, an earnest money deposit of $10,000 was made to Security Title Company, and the agreement of mutual release provides that Kaliff is entitled to the return of such earnest money and is entirely consistent with Kaliff's position. Even where a claim is groundless or of no legal effect, it is not unusual for parties involved to enter into a mutual release agreement with respect thereto, and the release agreement herein cannot be construed as an admission of liability on the part of Kaliff. The cases relied on by Toland with regard to waiver and ratification, to wit: Atomic Fuel Extraction Corp. v. Slick's Estate, 386 S.W.2d 180 (Tex. Civ.App.—San Antonio 1965, writ ref'd n.r.e., 403 S.W.2d 784 (Tex.Sup.); Curtis v. Pipelife Corp., 370 S.W.2d 764 (Tex. Civ.App.—Eastland 1963, no writ); Gaston v. Copeland, 335 S.W.2d 406 (Tex.Civ. App.—Amarillo 1960, writ ref'd n.r.e.); Wright v. King, 17 S.W.2d 98 (Tex.Civ. App.—El Paso 1929, writ ref'd), are not factually in point.

The agreement of mutual release of the earnest money contract was not a relinquishment of the right to have all the conditions to the formation of the contract completed and complied with, and did not constitute a waiver of the condition precedent or a ratification of the contract. The trial court's finding that a condition precedent to the formation of the contract between the parties was not performed and that no contract between the parties had been formed is sufficiently supported by the record. The judgment of the trial court is affirmed.