BROUGHTON ASSOCIATES JOINT
VENTURE, Appellant,

v.

Melvin BOUDREAUX,
et ux., Appellees.

No. 10–00–264–CV.

Court of Appeals of Texas,
Waco.

Feb. 6, 2002.

Richard L. Merrill, Fabio & Merrill, Houston, for appellant.

John W. Havins, Mark E. Dykes, Havins & O'Dea, P.C., Houston, for appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Claiming breach of covenant of warranty of title, Broughton Associates Joint Venture filed suit to recoup an overpayment of

bonus consideration paid to Melvin and Dee Ann Boudreaux for an Oil, Gas & Mineral Lease. The jury was instructed that the Boudreauxs had breached the warranty of title and that Broughton's damages were $172,976.34. The issue of waiver of the breach of warranty was submitted to the jury. Upon a jury finding that Broughton had waived the Boudreauxs' breach of the warranty of title, the trial court rendered judgment that Broughton take nothing against the Boudreauxs. Broughton appeals this judgment and contends that:

(1) The trial court erred in submitting the issue of waiver to the jury because there was no basis in law or fact for such a submission;

(2) The trial court erred in submitting to the jury an improper instruction in the waiver issue;

(3) The jury's answer to the waiver question in the jury charge was in fatal conflict with its answer to another question regarding estoppel;

(4) The evidence was factually insufficient to support the jury's finding of waiver;

(5) The trial court erred in granting a take nothing judgment against Broughton and in failing to grant either of Broughton's motions to enter judgment in Broughton's favor; and

(6) The trial court erred in refusing to allow the jury to consider Broughton's requested special issues on fraud, negligence and negligent misrepresentation, mutual mistake, unilateral mistake, unjust enrichment, money had and received, and existence of a contract.

We will reverse the judgment of the trial court and render judgment in favor of Broughton.

## BACKGROUND

Broughton identified the Boudreauxs as owners of unleased mineral acreage in Leon County. Although the exact amount of acreage had not been determined, Broughton's agent met with the Boudreauxs to negotiate an oil and gas lease. The negotiations resulted in the contemporaneous exchange of an Oil, Gas, & Mineral Lease for a bank draft for bonus consideration in the amount of $299,258.00. The lease executed by the Boudreauxs contained a covenant of general warranty of title. The bonus consideration for the lease was calculated at the rate of $750.00 per acre for an estimated 399 net mineral acres. The following provision appeared on the face of the draft: "On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 15 banking days after arrival of this draft at collecting bank." The record indicates that both parties agree that the purpose of the fifteen-day provision was to afford Broughton an opportunity to check the title.

Several days into this investigatory period, Broughton found it necessary to fire the landman assigned to check the title and to reassign the title work to another. After the funds to pay the draft had been wire transferred into the Boudreauxs' bank account, Broughton received notice of a partial title failure with respect to the Boudreauxs' mineral interest. The report indicated that the Boudreauxs owned substantially less mineral interest than the 399 acres for which they had been paid. Two days after the transfer of funds, Broughton contacted the Boudreauxs and requested a refund of the amount that it had overpaid.

Nine days later, with the Boudreauxs having failed to reimburse the overpayment, Broughton filed suit on the basis that the Boudreauxs had breached their

covenant of general warranty of title as contained in the lease. Broughton also alleged other causes of action based upon fraud, mutual mistake, unilateral mistake, money had and received, unjust enrichment, negligence and negligent misrepresentation, and lack of a meeting of the minds on the essential terms of the agreement.

This case was tried to a jury. At the conclusion of the evidence, the trial court rendered a directed verdict that the Boudreauxs had breached their covenant of general warranty of title and that Broughton had suffered damages as a result of such a breach in the amount of $172,976.34. The trial court refused to submit Broughton's requested issues on its other causes of action. Three issues were submitted to the jury:

1) Did Broughton Associates Joint Venture waive Melvin and Dee Ann Boudreaux's failure to comply with the warranty of title in the Oil, Gas, & Mineral Lease agreement, if any?

2) Did Broughton Associates Joint Venture excuse Melvin and Dee Ann Boudreaux's failure to comply with the warranty of title in the Oil, Gas, & Mineral Lease agreement, if any?

3) From a preponderance of the evidence, what sums of money do you find to be reasonable and necessary attorney's fees for services rendered by Broughton's attorneys on its behalf in this case?

The jury found that Broughton had waived, but not excused, the Boudreauxs' failure to comply with the warranty of title, and it also determined the amount of fees for services performed by Broughton's attorneys. After submission of motions for judgment by both parties, the trial court rendered judgment that Broughton take nothing by its suit against the Boudreauxs. Broughton filed a Motion for New Trial, which was overruled by operation of law.

## JURY CHARGE ERROR

In its first issue, Broughton contends that the trial court erred in submitting the defensive issue of waiver to the jury in Special Issue 1 because there was no evidence to support the submission. We agree.

### Standard of Review

■ We use an abuse of discretion standard to review the trial court's submission of instructions and jury questions. *Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ The trial court's discretion is subject only to the requirement that the question must control the disposition of the case, be raised by the pleadings and the evidence, and properly submit the disputed issues for the jury's determination. *Texas Employers Insurance Ass'n v. Alcantara*, 764 S.W.2d 865, 867 (Tex.App.-Texarkana 1989, no writ). In reviewing a point complaining that there was no evidence to support the submission of a question to the jury, we must look at only the evidence that tends to support the judgment to determine if the trial court erred in submitting the issue. *E.B.*, 802 S.W.2d at 649. If the evidence supplies some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact, then there is some evidence, or, in other words, more than a scintilla of evidence. *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

■ If the trial court abuses its discretion when it submits an instruction to the

jury, we do not reverse unless harm results. *Lone Star Gas Co. v. Lemond,* 897 S.W.2d 755, 756–57 (Tex.1995). For harm to result, the error must probably cause the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1).

### Waiver

■■ Waiver is commonly defined as the intentional release, relinquishment, or surrender of a known right. *Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855, 865 (1958). There can be no waiver of a nonexistent right. A party cannot waive a right before he is in a position to assert it. *Smith v. McKnight,* 240 S.W.2d 368, 371 (Tex.Civ.App.-Amarillo 1951, no writ).

Special issue 1 read in its entirety:

Did Broughton Associates Joint Venture waive Melvin and Dee Ann Boudreaux's failure to comply with the warranty of title in the Oil, Gas & Mineral Lease agreement, if any?

In considering this question, you are instructed that waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Waiver may be shown by silence or inaction for a period of time long enough to show Broughton intended to waive its right to verify title.

Broughton objected to this when it was proposed at the charge conference, contending that there was no evidence to support its submission. To determine if the trial court abused its discretion in submitting Special Issue 1 to the jury over the objection of Broughton, we must first understand the relationship between the language of the draft and the provisions of the lease.

### Language of the draft v. provisions of the lease

■ A contemporaneously exchanged draft and deed must be construed together. *Puckett v. Hoover,* 146 Tex. 1, 202 S.W.2d 209, 211 (1947). However, the draft and deed do not always create a binding bilateral contract immediately. The formation of a contract may be contingent on a condition precedent. *Perry v. Little,* 377 S.W.2d 765, 769 (Tex.Civ.App.-Tyler 1964, writ ref'd n.r.e.). When a promise is subject to a condition precedent, there can be no breach of contract until such condition or contingency is performed or occurs. *Id.* A condition precedent may also be waived, and the waiver of a condition precedent may be inferred from the conduct of a party. *Sun Exploration & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987).

The Texas Supreme Court found that the provision "15 days after sight and upon approval of title" on the face of a draft made approval of title a condition precedent to formation of a contract. *Id.* Broughton contends that the "approval of title" language on the Boudreaux draft likewise constitutes a condition precedent. We agree. As in the *Sun Exploration* case, the draft effectively protected Broughton from paying for the property if it disapproved the title. Thus, at the time of the exchange of the draft and the deed between Broughton and the Boudreauxs, there was no binding contract.

■ According to the Boudreauxs, Broughton's funding of the draft constituted a waiver of the covenant of warranty of title as provided by the lease. If this is correct, then the funding of the draft simultaneously created a bilateral contract (the lease) and waived an express provision (covenant of warranty of title) of that same contract. We do not believe this to be the case. Rather, we believe that the

funding of the draft waived the condition precedent and formed the bilateral contract. As a result, Broughton could no longer exercise its right to approve title prior to its liability on the draft. Because there was no binding contract between Broughton and the Boudreauxs until the draft was funded, Broughton could not have waived the right to enforce the covenant of warranty of title by funding the draft. At that time, Broughton did not have that right of enforcement; the Boudreauxs were not yet bound by the provisions of the contract.

**Was the submission of the issue proper?**

■ We find no evidence in the record before us to show that Broughton waived the right to enforce the covenant of warranty of title after the formation of the contract. The record reflects that only two days after the transfer of funds into the Boudreauxs' account, Broughton made demand upon the Boudreauxs for return of the amount of bonus overpaid as a result of the title failure. Reasonable minds could not reach the conclusion that two days is a sufficient period of time to establish that Broughton intended to waive its warranty rights under the contract. We therefore find that the court abused its discretion in submitting the issue of waiver to the jury.

**Did Broughton suffer harm?**

■ Because we hold that the trial court's submission of the issue was improper, we now determine whether harm resulted. We have determined that Broughton's funding the draft did not waive its rights under the lease. However, the jury was essentially instructed to the contrary because of the court's use of waiver of "Melvin and Dee Ann Boudreaux's failure to comply with the warranty of title in the Oil, Gas, & Mineral Lease" and waiver of Broughton's "right to verify title" interchangeably. Broughton was harmed because the instruction focused the jury's attention on the wrong time frame. To determine whether Broughton waived the Boudreauxs' failure to comply with warranty of title, the jury should have considered only Broughton's actions after the funding of the draft and the creation of the contract. Instead, the jury instruction directs attention to Broughton's actions before the creation of the contract—before Broughton was in a position to waive a provision of the contract. The record reflects that as a result of the jury's finding of waiver, the court did not award Broughton the overpayment amount.

**Conclusion**

The trial court erred in submitting the issue of waiver to the jury. As a result, the jury reached an improper verdict, which ultimately led to the rendition of an improper judgment. Accordingly, we sustain Broughton's first issue.

**ATTORNEY'S FEES**

In light of the jury's finding of waiver, the court subsequently disregarded the jury's determination of attorney's fees for Broughton as immaterial. Broughton preserved complaint by timely filing a motion for entry of judgment non obstante veredicto, requesting the trial court to enter judgment awarding Broughton attorney's fees as determined by the jury.

Broughton now contends that the court erred in disregarding the jury's determination of attorney's fees. We agree. Because Broughton's position is correct on the first issue of waiver, we find that the attorney's fees should be reinstated in accordance with the jury's answer to the charge as submitted by the trial court.

## CONCLUSION

Because Broughton's issues regarding waiver and attorney's fees are dispositive, we need not address the remaining issues. The judgment of the trial court is reversed and judgment is rendered in favor of Broughton for damages as a result of the Boudreauxs' breach of warranty of title, pre-judgment interest, attorney's fees, and post-judgment interest.