**MID–CONTINENT CASUALTY COMPANY, Appellant,**

v.

**John E. BUSICK, Appellee.**

**No. 7093.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 22, 1962.

Rehearing Denied Feb. 26, 1962.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Warren Burnett, Odessa, Lee Arnett, Odessa, of counsel, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment awarded appellee, John Busick, against appellant, Mid-Continent Casualty Company, based upon a jury verdict in a Workmen's Compensation case. Appellee first pleaded a general injury then by trial amendment pleaded total loss of use of his right arm above the elbow, a specific injury. The case was submitted on that theory and the jury found total loss of use of appellee's arm beginning on the day of injury, September 18, 1958, that such total loss of use was permanent and there was no partial loss of use sustained. It is from the judgment based upon such verdict that appeal is perfected.

The first group of points contends there was no evidence upon which to submit the question as to whether the total loss of use of the arm was permanent or temporary and that the court erred in failing to grant a new trial because the jury's answer that the total loss of use was permanent and that he did not suffer any partial loss of use was so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. To pass upon this group of points requires a review of the record.

■ In connection with the issue inquiring if the injury to appellee's right arm resulted in total loss of use of said arm the court gave the following explanation or definition:

"By the term 'total loss of use' as used in this charge is meant that the member is so affected as to substantially and materially impair the use thereof in the practical performance of its function in the pursuit of a laboring man."

Because of the material relationship of the definition just quoted to the question of whether the testimony preponderates against the verdict we deem it necessary to first discuss appellant's contentions to the effect that the definition as given constitutes reversible error. We believe appellant's position is without merit in this respect.

Traders & General Ins. Co. v. Porter, Tex. Civ.App., 124 S.W.2d 900 (writ refused); Texas Employers' Ins. Ass'n v. Olesky, Tex. Civ.App., 288 S.W. 244 (writ dismissed); E. K. Local Ins. Co. No. 1 of Seymour v. Lilly, Tex.Civ.App., 1 S.W.2d 490 (N.W. H.).

The Porter case just cited was submitted on both a general injury and a specific injury. The exact definition in connection with the specific injury in that case was given as the one we are here considering in this case. The jury found with claimant on both the general injury and specific injury and judgment was rendered on the general injury. Nonetheless the court passed upon the specific injury definition by saying "the definition [the same as the one here given] may be said to be substantially correct under the decisions." The Supreme Court has approved it by refusing a writ. We recognize other definitions may be correct for "total loss of use" used in connection with questions submitted upon a specific injury such as the one we are here considering. This does not necessarily militate against the correctness of this definition. We have found no case so holding nor have we been cited to one.

■ Even with this definition, considerably more favorable to appellee than the one requested, we are still compelled to say, after a careful study of the record, that the jury's findings to the effect that the total loss of use was permanent is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In making this finding "it becomes the duty of this court to weigh and consider that which supports the verdict and that which does not, and to set aside the judgment and remand the case if after such consideration we conclude the verdict is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust, regardless of whether there is some evidence to support it." E. O. Prewitt v. M. V. Watson, Tex.Civ.App., 317

S.W.2d 954, 159 Tex. 305, 320 S.W.2d 815 (Supreme Court); In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Purvis v. Morehead, Tex.Civ.App., 304 S.W.2d 221; Chantly v. Chrystal, Tex.Civ. App., 274 S.W.2d 765.

■ Appellee is an iron worker. The trade is unionized. This is admitted in appellee's brief. The testimony shows that iron workers do not go to employers and ask for jobs but that the Union Business Agents, who know what type work one can handle, assigns the work. The testimony also shows that all iron workers are paid the same price. It is without contradiction in the record that appellee returned to work eleven weeks after the accident and with the exception of the time missed on account of an unrelated foot operation has received the same or higher wages after the accident than before; has worked the same hours as other iron workers assigned to the same type work; has made generally from $27.00 to $29.00 each 8-hour day, working 40 hours a week, and has not found it necessary to go to a doctor since he started back to work after the accident, for any physical disability related thereto.

■ We, of course, are familiar with the rule in an ordinary general injury case to the effect that an employee receiving the same or better wages after the injury is not precluded from recovering for total and permanent disability. We have ourselves so held.[1] Of course a person also usually has a permanent total loss of use where a member or part of a member is severed from the body. The facts in this case show a different situation. Here we have a claimant who has done just as well or better financially since the accident while doing the same type of work generally, has worked just as many hours as other iron workers, has performed his duties just as easily and has received no gratuity from any employer. Additionally, he still has the member intact on his body for which the jury gave him

1. Texas Employers' Insurance Association v. Johnson, Tex.Civ.App., 323 S.W.2d 345.

total and permanent loss of use, and is using the member each day with almost as great efficiency as before. The testimony does show he cannot completely straighten the arm but does not show to what extent it is thus impaired. At least it is against the great weight and preponderance of the evidence from the record in this case to say "the member is so affected as to substantially and materially impair the use thereof in the practical performance of its function in the pursuit of a laboring man."

This holding makes it unnecessary for us to pass upon the other questions of jury argument and the evidence question raised.

Conforming to what we have said, the judgment of the trial court is reversed and remanded for another trial.