E. L. BROWN, Appellant,

v.

Jack DALE et al., Appellees.

No. 7521.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 27, 1965.

Rehearing Denied Nov. 1, 1965.

).

Blanchard, Clifford, Gilkerson & Smith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

CHAPMAN, Justice.

This is an appeal from a take-nothing judgment based upon a jury verdict rendered for appellees, Jack Dale and Plains Radio Broadcasting Co., defendants below, in a common law damage suit filed by appellant, E. L. Brown.

Appellees were sued for damages sustained by appellant, Mr. Brown, when struck by a motor vehicle driven by Jack Dale while appellant was walking down the sidewalk lying adjacent to the driveway out of which Mr. Dale drove his vehicles onto the street from the driveway at his home. The accident occurred short-

ly after the noon hour on a clear day on December 27, 1962, as Mr. Dale was backing a Plains Radio Broadcasting Co. Falcon stationwagon out of his driveway while in the course and scope of his employment for said company.

The jury found in Special Issues Nos. 6 and 7 that *immediately* before the accident Mr. Brown failed to keep a proper lookout, which was a proximate cause of the accident in question. (All emphases herein are ours unless otherwise stated).

Issues of negligence found to be a proximate cause were also decided against appellees and a take-nothing judgment was rendered. It is from such judgment appellant Brown has perfected this appeal upon eight points of error, the first two of which assert reversible error of the trial court in submitting Issues Nos. 6 and 10 and their respective proximate cause corollaries. He contends Issues Nos. 6 and 10 involve the same controlling fact issue and that a fatal, irreconcilable conflict exists in the answers to Issues Nos. 6 and 11.

Special Issue No. 10 asks the jury if, at the time and on the occasion in question, Mr. Brown failed to see that the crossing of the driveway could be made with safety. The jury answered affirmatively but in Issue No. 11 found such failure was not negligence.

In Special Issue No. 6 the jury was asked the question above stated and affirmatively found Mr. Brown failed to maintain a proper lookout *immediately* before the accident in question.

■ The first premise we wish to state is that it is the duty of the trial court to reconcile conflicts in the findings of the jury if reasonably possible from the issues in question and the facts pertaining thereto. Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Indemnity Ins. Co. of North America v. Craik, 162

Tex. 260, 346 S.W.2d 830; Traywick v. Goodrich, Tex., 364 S.W.2d 190.

■ We believe the issues under discussion may be reconciled in that No. 6 inquires of that period *immediately* before the accident. It appears to be an all inclusive issue, apparently indicating a finding by the jury from the evidence in the case that appellant failed to see Mr. Dale as he opened the door to his car; slammed it; started the motor; looked out of his rear-view mirror; and looked both to the right and left before starting his reverse movement. Those acts show from Mr. Dale's testimony to have been immediately before the accident. The jury under this record had the right to find that if appellant had been keeping a proper lookout toward the stationwagon in the driveway immediately before the accident, all those acts could certainly have been observed by him even though his left eye was opaque and his right eye was somewhat impaired in vision.

■ Special Issue No. 10 does not pinpoint the time to *immediately* before the accident but is less definite in its inquiry; simply placing it at the time and on the occasion in question. It is also noteworthy that the only objection made by appellant to the submission of Special Issue No. 6 is that there is no evidence to support it, or alternatively, insufficient evidence. In Casualty Underwriters v. Rhone, supra, our Supreme Court has said:

> "It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled. This is elementary."

The objection to Issue No. 10 in the charge was on the ground that it was a duplicate submission of a different shade

and color of Special Issue No. 6. Even if appellant should be correct in that contention, which we find it unnecessary here to pass upon, no harm is shown under Rule 434, V.A.T.R. The answers to Special Issues Nos. 6 and 7 convict appellant of the failure to keep a proper lookout, which was a proximate cause of the accident and appellant's resulting injuries, were ultimate and controlling issues and made the answers to Special Issues 10 and 11 immaterial.

■■ Our courts appear to have settled the proposition that immaterial issues which are submitted and answered by the jury may be disregarded as surplusage. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Robichaux v. Bordages, Tex.Civ.App., 48 S.W. 2d 698 (writ refused); Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963 (writ refused); Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090. It requires no citation of authority to say that one properly submitted issue on contributory negligence with an affirmative answer as to both negligence and proximate case found against the plaintiff, when supported by probative evidence, makes other separate, distinct and unrelated contributory negligence questions immaterial where there is rendered a take-nothing judgment.

We, therefore, hold that the jury's finding to the issues discussed may be reconciled and harmonized and that they constitute no irreconcilable conflict.

The next two points assert error of the court in rendering judgment for appellees for the reasons that there was no evidence or insufficient evidence of appellant's failure to keep a proper lookout.

■ From the record here made " * * * it becomes the duty of this court to weigh and consider that which supports the verdict and that which does not, and to set aside the judgment and remand the case if after such consideration we conclude the verdict is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust, regardless of whether there is some evidence to support it." Prewitt v. Watson, Tex.Civ.App., 317 S.W.2d 954 (approved in Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d 815).

The testimony shows appellant had surgery on his eyes in 1962 but when his ophthalmologist, Dr. Anderson, was asked if Mr. Brown could see a person for 30 or 40 feet away, Dr. Anderson testified, "Oh, yes, sir." It is undisputed that the accident happened shortly after 1:00 o'clock p. m. on December 27, 1962, and that it was a mild, clear day. Appellant testified he could see down the sidewalk 40 to 50 feet and though he had some stiffness in his neck he had never had any treatment on it and he could move it from side to side; that he had seen Mr. Dale's car in his driveway a lot of times and knew he came home to lunch; that he knew anyone parked in a driveway is liable to back out at any time; and that he could have seen Mr. Dale if he had been looking that way.

"Q. You could have seen Mr. Dale had you kept your eyes toward that— from time to time, you could have seen him as he came out of his door, could you not, sir?

A. If he had come out the door and crawled in. his car there, no doubt if I had looked that way, I would have seen him, but I was watching my walking and I didn't see any occasion to turn my head to look."

The testimony shows Mr. Dale came out of his house; walked down two steps to the ground level toward his car; opened the door to his car; slammed it; turned on the ignition; looked out his rear-view mirror; then looked both to the right and left before backing out and had backed between 5 and 8 feet before he felt the impact of the vehicle against Mr. Brown.

The testimony shows the driveway was 10 feet, 6 inches wide.

■ Under the rule announced in the quote from Prewitt v. Watson, supra, the authorities there cited, and the approval of that statement by our Supreme Court in 159 Tex. 305, 320 S.W.2d 815, we hold the jury's answer to Special Issues Nos. 6 and 7 to the effect that appellant was guilty of negligence, which was a proximate cause of the accident, was not against the great weight and preponderance of the evidence but that the evidence preponderated in favor of the answers. In view of this holding it is, of course, unnecessary to discuss the no-evidence point.

The next point of error urged by appellant is that the court erred in permitting testimony by Mrs. Dale concerning statements made by Mrs. Brown to the effect that her husband was not supposed to be out on the street and that she asked him to wait and she would go with him.

■ We are unable to see where appellant has sustained the burden of proving any harm in this case even if it could be said, arguendo only, that the testimony was not admissible. It is unnecessary for us to pass on whether the statement was within the res gestae rule or not because it is testimony having nothing whatever to do with the question of proper lookout. Mrs. Brown's statement had to do with the special issues of whether her husband was negligent in walking unattended and those issues are not involved in this appeal. Additionally, the jury answered in Special Issue No. 8 that he was not negligent in walking unattended, so that issue and its corollary on proximate cause could not have influenced the jury's answer to Special Issue No. 6 on improper lookout and would, therefore, be harmless. Rule 434, V.A.T.R. Furthermore, the testimony is merely cumulative of other and similar testimony in the record without objection. Mr. Dale testified that after Mr. Brown was taken to the clinic, Dr. Dunn made the statement, "I told that man to stay off the street." When asked by counsel for appellant if he made such statement, Dr. Dunn said: "Well, I quite likely did, Mr. Counselor."

■ Our courts have repeatedly held that a reversal is not justified because of the admission of improper testimony when testimony to the same effect has been permitted without objection. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, 1104; Texas & P. Ry. Co. v. Crown, Tex.Civ. App., 220 S.W.2d 294, 299 (N.R.E.); Steinke v. Schmid, Tex.Civ.App., 223 S. W.2d 955, 957 (N.W.H.); City of Houston v. Huber, Tex.Civ.App., 311 S.W.2d 488, 494 (N.W.H.); Medina Electric Cooperative, Inc. v. Ball, Tex.Civ.App., 368 S.W.2d 227 (N.W.H.).

■ The last point presents a contention that reversible error was committed by the trial court because of his refusal to permit appellant's counsel to exhibit before the jury as they argued the case a chart showing appellant's summary of damages upon which counsel had placed their theory of the amounts the jury should find for present and future physical pain and suffering and for mental pain present and future.

Even if it could be said that the court committed reversible error in such refusal, which we find unnecessary to pass upon here, it was harmless in this case because of the finding by the jury of contributory negligence on the part of appellant, which was a proximate cause of the accident. Rule 434, V.A.T.R.

Even if the jury had found for appellant an amount in excess of that contended for in the chart it would have availed him nothing in view of the answers made by the jury in Special Issues Nos. 6 and 7.

Finding no reversible errors in the record, the judgment of the trial court is in all things affirmed.