Verllin A. CAMPBELL et al., Appellants,

v.

J. D. McKINNEY, Appellee.

No. 14748.

Court of Civil Appeals of Texas.

Houston.

April 14, 1966.

Rehearing Denied May 5, 1966.

David J. Nagle, Houston, for appellants.

Henry P. Giessel, Houston, Talbert, Giessel, Barnett & Stone, Houston, of counsel, for appellee.

BELL, Chief Justice.

Verllin Campbell brought suit in behalf of himself and wife, Evelyn, to recover damages resulting from personal injuries to his wife and for property damage to his automobile, all resulting from an automobile accident. Evelyn Campbell, as next friend

of Pamela Wilson, her minor daughter by a previous marriage, sued to recover damages for personal injuries received by the child in the same accident. The jury acquitted appellee of all acts of negligence and the court rendered judgment that appellants take nothing.

The undisputed facts show appellee's automobile hit the Campbell automobile from the rear while the Campbell automobile was stopped on Highway 75 about 9/10 of a mile south of Centerville. The automobile was stopped behind at least one other automobile in obedience to the direction of a flagman who was controlling the flow of traffic at a construction site where new topping was being placed on the highway.

The jury answered in response to the following numbered special issues, inquiring as to appellee's negligence, as follows:

1. Appellee was not driving at an excessive speed.

3. Appellee did not fail to apply the brakes prudently.

5. Appellee did not fail to keep a proper lookout for vehicles stopped on the roadway.

7. Appellee failed to swerve to the right.

8. Such failure was not negligence.

17. Appellee was acting under an emergency.

18. He thereafter exercised proper care.

19. The emergency was the sole proximate cause of the collision.

20. The collision was the result of an unavoidable accident.

The jury in response to the damage issues found for Pamela Wilson in the amount of $500.00, for Mrs. Campbell in the amount of $100.00, and for automobile damage in the amount of $500.00.

Appellant attacks the jury's answers to each of the above specified issues except 7 and 8, on the ground that each is contrary to the overwhelming weight and preponderance of the evidence.

■ We must review all of the evidence bearing on each of said issues, both that which supports an answer and that which militates against it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Mrs. Campbell and the occupants of her car know little of the driving behavior of appellee. Her automobile was stationary and had been for a few seconds before the collision. She had stopped behind other vehicles that had stopped in response to the directions of a flagman. She was headed south toward Houston, and so was appellee. Mrs. Campbell puts the point of collision on the north slope of the hill. She testified that to the north of the collision was a sign showing a speed limit of 45 miles per hour. No distance was stated. Also she stated there was a sign stating "Caution. Be prepared to stop" or something of that sort. No distance was stated.

Mr. McDaniel occupied the vehicle just ahead of Mrs. Campbell. Her automobile was knocked into his. He had been stopped in a line of traffic some 30 seconds when the collision occurred. There were some signs on the highway before the point of the collision which "warned of construction work being carried on and alerting motorists to be careful. There was a flagman just up ahead." There were obviously construction and repairs to the surface for several miles north of the point of collision.

Mr. Ratliff, who was employed by the contractor who was doing the work, testified. He was informed by shortwave radio by the flagman of the collision. At the time he was between Centerville and the scene of the collision. He immediately returned to the scene. He arrived within 30 or 40 seconds. There was a caution sign 500 feet down the hill from the point of the collision. There was another about 350 or 400 feet from the scene reading "Be prepared to stop, Flagman ahead, One Way Traffic." There was a blinking light on

each corner of the sign. The flagman had a pick-up truck with signs but the witness did not remember the wording. The signs remained in place after the collision for about an hour at which time they were picked up by the crew when work ended for the day.

Mr. Womack, a highway patrolman, investigated the accident. The collision occurred about 5:30 p. m., April 15, 1963. Just north of the collision was a sign on the back of a pick-up truck. It had blinking lights on barricades. Farther north, mounted on a trailer, were three blinking lights. There were two red flags. One sign said, "Slow down, Watch for Flagman." A yellow diamond sign read, "Be prepared to Stop." The signs were about 3/10 of a mile from the collision. He stated the flagman was visible on the upgrade. He noted the zone as being one where 60 miles per hour was the limit.

Apart from medical testimony, the next witness was the appellee, Mr. McKinney. He is a teacher in the Pasadena school system and among the subjects taught by him is one on driver education. He testified the collision occurred just over the crest of the hill as he was traveling south. It was about 90 or 100 feet south of the crest of the hill. It was obvious as he was driving from the north that new black topping was on the road. About 300 feet to the north of the point of the collision was a sign reading, "Watch for Flagman ahead." He saw this sign and kept a lookout for the flagman ahead. He was driving at a speed of about 45 or 50 miles per hour. After seeing the sign, he maintained his speed of about 45 miles per hour. The regular speed limit at that point was 60 miles per hour. He saw no sign calling for a reduction to 45 miles per hour. He first became aware of danger when he topped the hill. At this time he saw the Campbell car and the exhaust pipe on some road machinery. Apparently the car was stopped, but he couldn't be sure. He applied his brakes and tried to pull to the right. The wheels on the car locked. The

pick-up with the sign came from south of the accident. He had not passed the pick-up before the accident.

On cross-examination Mr. McKinney testified he had driven from Lawton, Oklahoma, which was about 300 miles away. After he saw the sign directing that a watch be kept for the flagman, he did not reduce his speed. He knew that about 200 feet from the sign the road was going to make a downward turn over the hill. He could not see over the crest of the hill. He did not know what was over the crest of the hill. He did not know whether a flagman was just over the crest or not. When driving at 45 miles an hour, it would require 130 to 140 feet to stop an automobile. He had seen the flagman's sign and from that point could see only 200 feet to the crest of the hill and he nevertheless maintained his speed. Reaction time was about 3/4 of a second. During such time at the speed he was going the car would travel about 45 feet.

██ We are of the view that the jury's answer to Special Issue No. 1, finding appellee was not driving at an excessive rate of speed under the circumstances, is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Under Mr. McKinney's own testimony he saw a sign 200 feet from the crest of the hill which cautioned that a flagman was ahead. He could not see over the crest of the hill. He knew there was new topping on the road so that he should have known that the sign indicated actual work was being done a short distance away. He was driving at a speed that required a distance of from 130 to 140 feet to stop. He could see only 200 feet to the crest of the hill. He could not see beyond that point and yet he continued at the same rate of speed.

██ The jury's answers that appellee was acting in an emergency are likewise so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. His

negligence, as immediately above stated, placed him in the situation where he had to act quickly. He may not in such circumstance rely on sudden emergency. Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545; Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386; Higginbotham v. Ritchie, Tex.Civ.App., 367 S.W.2d 210, no writ hist. We do not mean that appellee was negligent as a matter of law, but our holding that the jury's answer finding appellee was not driving at an excessive rate of speed is contrary to the overwhelming weight and preponderance of the evidence, also makes the finding of sudden emergency against the overwhelming weight and preponderance of the evidence because appellee's freedom from negligence is essential to his reliance on sudden emergency.

We further hold, in the light of our above discussion of the evidence, the jury's answer finding an unavoidable accident is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

We need not discuss the other points raised.

Reversed and remanded.