Roy C. CHANDLER, Appellant,

v.

James L. NEWLAND, Appellee.

No. 17766.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 22, 1976.

Foster & Garrett, Jenks Garrett, Arlington, for appellant.

Charles Evans, Bedford, Touchstone, Bernays & Johnston and Tom J. Stollenwerck, Dallas, for appellee.

## OPINION

BREWSTER, Justice.

This is a suit for damages for personal injuries and for damage to personal property which damages were allegedly sustained by the plaintiff, Roy C. Chandler, when the defendant, James L. Newland, drove his automobile into the rear end of the plaintiff's car. The case was tried to a jury, and upon receipt of a verdict the trial court rendered judgment denying the plaintiff a recovery. He has appealed.

We reverse and remand.

The plaintiff's second point of error is to the effect that the trial court erred in overruling his motion for new trial in that the jury's answers to special issue No. 1, A through D, are so against the great weight and preponderance of the evidence as to be manifestly unjust.

We sustain that point of error.

Special issue No. 1 and its subdivisions A through D were as follows: "Do you find from a preponderance of the evidence that on the occasion in question the Defendant: (A) Failed to keep a proper lookout? (B) Failed to make timely application of brakes on his automobile? (C) Operated his automobile at an excessive rate of speed? (D) Was following the vehicle operated by Plaintiff closer than an ordinary prudent person in the exercise of ordinary care would have followed?"

The answer of the jury to each of the subdivisions A through D of special issue No. 1 was "No."

In answer to issue No. 3 of the charge the jury found that the market value of plaintiff's car immediately prior to the wreck was $500.00 and its value immediately after the wreck was $25.00.

In answer to issue No. 4 the jury found that the reasonable expenses for necessary medical and hospital care received by plaintiff in the past for treatment of his injuries as a direct and proximate result of the collision was $515.00.

The law that controls our consideration and determination of the questions of whether or not the jury's answers to issue No. 1, A through D, are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust is set out in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, at page 661 (1951). In speaking of the question raised by the point we are considering the Court said: "The latter is one of fact. It is not infrequently described as a question of 'sufficiency' of the evidence. . . . The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict. See cases cited, supra. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict."

In Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d 815 (1959) the Supreme Court reannounced the rule it had laid down in the King case, supra.

During the trial three witnesses testified as to how the wreck occurred. They were the plaintiff, Chandler, the defendant, Newland, and Clifton L. Pannell, whose truck was immediately in front of plaintiff's car at the time of the wreck.

Chandler testified: when the wreck occurred it was cloudy, daylight, and dry; it

happened in Fort Worth on the East-West freeway which has three east-bound and three west-bound lanes of traffic; at the time he was on his way home from work at General Dynamics; he was traveling east in the center lane; three cars were involved in the wreck, namely, his, the defendant's and Mr. Pannell's; defendant's car struck plaintiff's car in the rear at a time when plaintiff's car was stopped; the collision crumpled plaintiff's four-door car so that the doors were jammed and plaintiff was trapped inside; plaintiff's car was knocked into Mr. Pannell's pickup which was stopped in the line of traffic immediately in front of plaintiff's car; on this occasion Mr. Pannell's pickup stopped and plaintiff pulled up behind it and stopped; they stopped because all the traffic in front of them had stopped; after being stopped for a few seconds, plaintiff glanced into his rear view mirror and saw defendant's car coming fast toward him; the impact was severe and terrifying; his car was squashed, being shortened by the wreck by 3 or 4 feet; and plaintiff was not in the act of stopping when the collision occurred.

The witness, Clifton Lee Pannell, testified as follows: he was also employed at General Dynamics at date of the wreck and was involved in the wreck; he was then driving a pickup with a camper on it; Chandler's car was knocked into his pickup; he saw Chandler's car pull up behind his pickup and stop before the collision; this was through his rear view mirrors; Chandler's car had been stopped for 15 to 20 seconds before it was struck from the rear; he also saw defendant's car through his rear view mirrors; he saw it when it was sliding and the back end "kinda" turned sideways and then straightened up before it hit Chandler's car; his car had been stopped for 25 seconds before the wreck occurred; he stopped because the car in front of him stopped; the stop was not a sudden one; and the line of traffic in front of him extended from 500 to 700 yards.

The testimony of the defendant, James L. Newland, that related to the wreck was as follows: there were three lines of traffic going east with the cars in front slowing down and stopping; he was traveling with the line of traffic; he glanced away for a second and when he looked back the line of traffic was slowing; he did not get stopped, and he hit the Chandler car that was in front of him; he was traveling behind Chandler's car at about three car lengths and when he looked back Chandler's car was in the process of stopping; he does not know if Chandler had completely stopped; he saw Chandler's brake lights; defendant was traveling at about 45 miles per hour at the time of the impact; the damage done to his car caused it to be a total loss; Chandler's car was knocked by his car into the pickup in front of Chandler's car; on this occasion when he glanced away it was for just a second, and when he glanced back the car appeared to be coming to a sudden stop; he tried to hit his brakes, but does not know if he was able to do so or not.

We have considered all of the evidence in the case and after applying the test laid down in the cases of *In re King's Estate,* supra, and *Watson v. Prewitt,* supra, to the facts of this case, we hold that each of the answers given by the jury to Subdivisions A through D of special issue No. 1 were so against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong.

Cases that support our holding are: *Fisher v. Franke,* 321 S.W.2d 903 (Tex.Civ.App., Texarkana, 1959, no writ hist.); *Carrico v. Busby,* 325 S.W.2d 413 (Tex.Civ.App., Houston, 1959, writ ref., n. r. e.); and *Campbell v. McKinney,* 402 S.W.2d 262 (Tex.Civ.App., Houston, 1966, writ ref., n. r. e.).

█ In this case the jury's answers to issues 3 and 4 establish that plaintiff sustained damages in the wreck.

We have considered all of the appellant's remaining points of error and overrule each of them. We do not discuss them because our ruling on appellant's second point of error controls our decision of this appeal.

Reversed and remanded.