(Jose) **J. Samuel HOLGIN, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 2–89–156–CV.**

Court of Appeals of Texas, Fort Worth.

May 16, 1990.

Rehearing Denied June 21, 1990.

Cletus C. Schenk, Wichita Falls, for appellant.

Charles Oldham, Charles M. Barnard, Wichita Falls, for appellee.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

## OPINION

MEYERS, Justice.

This is an appeal from a suit for benefits under the Worker's Compensation Act. Appellant, (Jose) J. Samuel Holgin, complains in three points of error that: 1) the jury's finding that appellant's injury on or about December 17, 1985, was not a producing cause of any permanent partial incapacity was so against the great weight and preponderance of the evidence presented as to be manifestly wrong, unjust, and constitutes reversible error because the evidence conclusively establishes permanent partial incapacity, as a matter of law; 2) the trial court abused its discretion in failing to grant appellant's motion for a new trial; and 3) the testimony of a juror was improperly excluded on the ground her affidavit did not accompany the motion for new trial. We overrule appellant's points of error. The judgment of the trial court is affirmed.

Holgin, a garage attendant, claimed he sustained an accidental injury during the course of his employment on December 17, 1985. Holgin alleges that because of the injury, he is unable to do the usual and customary tasks of a workman in order to obtain and retain employment. One of the issues presented at trial was whether Holgin was actually in the course and scope of his employment at the time of his injury. The jury found Holgin was injured on December 17, 1985, in the course and scope of his employment, and that the injury was a producing cause of total incapacity from February 3, 1986, until April 13, 1987. The jury found the injury was not a producing cause of any partial incapacity.

Appellant's first point of error complains that the jury's finding that appellant's injury was not a producing cause of any permanent partial incapacity was so against the great weight and preponderance of the evidence as to be manifestly wrong, unjust, and constitutes reversible error because the evidence conclusively establishes permanent partial incapacity as a matter of law.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

We do not find, from a review of all the evidence, that the jury's finding that appellant's injury was not a producing cause of any partial incapacity, was so against the great weight and preponderance of the evidence as to be manifestly wrong, unjust, or constitutes reversible error because the evidence conclusively establishes permanent partial incapacity as a matter of law. The two issues we must consider are: (1) whether any partial incapacity after April 13, 1987, arose from the original injury of December 17, 1985, or from other activities of Holgin unrelated to his employment; and (2) whether there was *any* partial incapacity after April 13, 1987 (i.e., whether Holgin suffered a reduction in earning capacity).

Texas Employers Insurance Association ("TEIA") correctly points out that the conflicting testimony presented at trial regarding the cause of Holgin's injuries only raised an issue of fact to be resolved by the jury. *Holly Sugar Co. v. Aquirre,* 487 S.W.2d 421, 425 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). In fact, the evi-

dence shows that several of Holgin's doctors indicated he may have injured his back playing basketball.

Holgin had the burden to persuade the jury by a preponderance of the evidence that he was incapacitated to the degree he claimed. As an interested party, his testimony merely created fact issues for the jury's resolution. *Escamilla v. Liberty Mut. Ins. Co.*, 499 S.W.2d 758, 760 (Tex.Civ.App.—Amarillo 1973, no writ).

Holgin relies upon *Thomas v. Int'l Ins. Co.*, 527 S.W.2d 813 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.), to support his contention that since evidence of his condition was corroborated by his foreman, Paul Rodriquez, this case should be reversed and remanded for new trial. We do not find in the present case that the evidence presented by Rodriquez was totally in support of Holgin's contentions. Even though Rodriquez testified he would hire an uninjured, strong man over an injured man with 30% disability, he also stated that Holgin's job would not be considered a hard labor type of job and that most of the time Holgin sat in the booth at the garage taking tickets where he could either sit or stand. This indicates to us that Rodriquez' testimony was somewhat contradictory to Holgin's and did not fully support Holgin's testimony concerning his condition.

Holgin also relies on *Robinson v. Charter Oak Fire Ins. Co.*, 551 S.W.2d 794 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.) to prove the jury finding in the present case constitutes reversible error. Holgin cites *Robinson* to show that where the only testimony in the record establishing the extent of the disability of the plaintiff at the time of trial was that of the plaintiff himself and his doctor; and where the plaintiff testified to serious disabling symptoms and complaints which had persisted and had not improved and which conditions were corroborated and confirmed by the treating physician, that the jury's answers that the claimant's total incapacity was temporary, that it continued for fifteen weeks, and the jury's failure to find that claimant's injury was or could be a producing cause of any partial incapacity, were so

against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, and therefore, would require the case to be reversed and remanded for a new trial. *See id.* The Waco Court of Appeals in *Robinson* held that the only competent evidence presented at time of trial was in support of appellant's contentions. *Id.* at 799. The jury awarded fifteen weeks of incapacity as compared to a jury award in the present case of over sixty-one weeks of incapacity. *Id.*

Moreover, the *Robinson* case is distinguishable from the present case in that the plaintiff in *Robinson* was shown to have suffered serious disabling symptoms and complaints which persisted and did not improve for more than a year prior to trial and which conditions were corroborated by the plaintiff's doctor. *Id.* The *Robinson* court found that the testimony of two doctors testifying for the defendant was not conclusive, while that of the plaintiff and his doctor was definite. *Id.* It is for the jury, as the finder of fact, to determine the credibility of the witnesses and to decide the weight to be given their testimony. *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). Therefore, the jury was privileged to believe all, part, or none of the testimony of any one witness. *Id.*

We find the evidence supported the jury's answer that Holgin's December 17, 1985 injury was not a producing cause of any partial incapacity. Appellant's first point of error is overruled.

Holgin alleges in his second point of error that the trial court abused its discretion by denying his motion for new trial based upon newly discovered evidence, namely, testimony of Dr. Quentin Kramer, even though all elements required for a new trial to be granted were satisfied. Appellee argues that Holgin has failed to prove certain indispensable elements which allow for a new trial based upon newly discovered evidence.

A new trial may be granted if the following indispensable elements are met: 1) admissible, competent evidence must be

introduced at the hearing on the motion for new trial showing the existence of the newly discovered evidence relied upon; 2) the moving party must show he or she had no notice of the existence of such evidence prior to the time of trial; 3) the moving party must show that due diligence had been used; 4) the moving party must show that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary; and 5) the moving party must show that the evidence would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809–10 (Tex.1983).

Holgin claims newly discovered medical evidence came to light following the trial. Although Holgin did not see Dr. Kramer until almost a month after the verdict, he argued he did not have the money to see the doctor prior to trial. Holgin concludes that since he did not see Dr. Kramer prior to trial, it was impossible to have produced Dr. Kramer's testimony at trial. Appellant was under the impression that Dr. Kramer would not see him without assurance from TEIA to pay for an examination. Although Dr. Kramer admitted he did not know what procedures his secretary followed for making appointments with patients, it would not have made any difference, in his opinion, as to whether TEIA had agreed to pay Holgin's medical expenses.

We agree with TEIA's analysis that when the identity of a witness is known or becomes known before the conclusion of trial, but the party without fault has been unable to interview him or to secure his presence or deposition to give favorable testimony, a showing of due diligence must require that the party have sought, by motion for continuance, application to withdraw his announcement of ready, or other appropriate procedure, a delay in the proceedings to permit production of the evidence. *Williams v. Southern Life and Health Assoc.*, 208 S.W.2d 574 (Tex.Civ.App.—Galveston 1948, no writ). It is clear in the present case that Holgin's attorney never requested a continuance. Appellant further alleges he was not aware he had another ruptured disk at the same location until he saw Dr. Kramer. However, Dr. Kramer could not determine the cause of appellant's back problems or even if the injury was new.

Since we find appellant did not use due diligence in procuring the evidence prior to trial and appellant made no effort to seek a continuance to discover such evidence, appellant did not meet the second or third requirements for a new trial set out by the supreme court in *Jackson*. Therefore, the trial court did not abuse its discretion in denying appellant's motion for new trial, and appellant's second point of error is overruled.

In his final point of error, Holgin complains the trial court abused its discretion in excluding the testimony of juror Kathy Sims at the hearing on the motion for new trial on the grounds that her affidavit did not accompany appellant's motion for new trial. TEIA argues the record indicates that the trial court considered Sims' testimony in its ruling on the motion for new trial and the affidavit was made part of the record. Appellant states in his brief that Sims was asked to testify at the hearing for the sole purpose of demonstrating to the court that the results of the trial would have been different had she known of Dr. Kramer's diagnosis of reoccurring herniation of the same disk, because the information was so material.

We are persuaded by TEIA's argument that even if Sims' testimony was excluded, her testimony would not have been sufficient to overturn the jury's verdict. Sims cannot testify as to the mental processes of any other juror. As appellee correctly states, a change in the opinion of one juror on an eleven-to-one verdict would not necessarily change the verdict. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.