IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00016-CR

 

Stephen Craig Holland,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court

Falls County, Texas

Trial Court No. 05-06541

 



MEMORANDUM  Opinion










 

      Holland appeals his conviction
for misdemeanor assault.  See Tex.
Penal Code Ann. § 22.01(a)-(c) (Vernon Supp. 2006).  We affirm.

      In Holland’s one issue, he
contends that his trial counsel failed to render the effective assistance of
counsel.  Holland argues that trial counsel failed to request a limiting
instruction on impeachment evidence, and failed to object to and failed to
request a limiting instruction on extraneous-offense evidence.

      “In all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  U.S. Const.
amend. VI; see Rompilla v. Beard, 545 U.S. 374, 380 (2005); Strickland
v. Washington, 466 U.S. 668 (1984).  “Ineffective assistance under Strickland
[v. Washington] is deficient performance by counsel resulting in
prejudice, with performance being measured against an ‘objective standard of
reasonableness,’ ‘under prevailing professional norms.’”  Rompilla at
380 (quoting Strickland at 687, 688).  “[T]o establish prejudice, a
‘defendant must show that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.’”  Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland at 694); see Rompilla at 390.  

      “[C]ounsel is ‘strongly
presumed’ to make decisions in the exercise of professional judgment.”  Yarborough
v. Gentry, 540 U.S. 1, 5 (2003) (quoting Strickland, 466 U.S. at 690).  “That presumption has particular force where a petitioner bases his
ineffective-assistance claim solely on the trial record, creating a situation
in which a court ‘may have no way of knowing whether a seemingly unusual or
misguided action by counsel had a sound strategic motive.’”  Id. at
5-6 (quoting Massaro v. United States, 538 U.S. 500, 505 (2003))
(internal citation omitted).  “A Strickland claim must be ‘firmly
founded in the record’ and ‘the record must affirmatively demonstrate’ the
meritorious nature of the claim.”  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999)); accord Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005).  “In the absence of anything in the record
affirmatively demonstrating otherwise, we presume that . . . counsel
made a reasonable and strategic decision . . . .”  Salinas at 740.

Direct appeal is usually an inadequate vehicle
for raising [an ineffective-assistance] claim because the record is generally
undeveloped.  This is true with regard to the question of deficient
performance—in which counsel’s conduct is reviewed with great deference,
without the distorting effects of hindsight—where counsel’s reasons for failing
to do something do not appear in the record.

Goodspeed at 392 (internal footnotes omitted); see
Wiggins, 539 U.S. at 523; Strickland, 466 U.S. at 689; Thompson at
814.  “[T]rial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective.”  Goodspeed at 392
(quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003));
accord Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). 
“Absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was ‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed at 392 (quoting Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

      In particular, a silent record
does not establish ineffective assistance in not objecting to evidence or not
requesting a limiting instruction.  See Ex parte Varelas, 45 S.W.3d 627,
632 (Tex. Crim. App. 2001); Tong v. State, 25 S.W.3d 707, 713-14 (Tex.
Crim. App. 2000) (op. on orig. submission).

      The record does not contain
the reasons for trial counsel’s conduct.  Nor does the record establish that
the trial court would have erred in denying a request for a jury instruction in
 Holland’s bench trial.  Holland does not establish that trial counsel did not
render the effective assistance of counsel.  We overrule Holland’s issue.

      Having
overruled Holland’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed April 18, 2007

Do not publish

[CR25]






writ), and admissions of contributing to causing a collision, see
Chandler v. Newland, 542 S.W.2d 731, 732-33 (Tex. Civ. App.—Fort Worth
1976, no writ).  Harkins correctly cites a case distinguishing causation from
negligence.  See Risinger v. Shuemaker, 160 S.W.3d 84, 90 (Tex.
App.—Tyler 2004, pet. denied).  Harkins testified at trial that her actions
were a cause of Zelbst’s damages.  But Harkins did not testify that she was
negligent, that is, that her actions were not those of a person of ordinary
prudence under the circumstances.  To the contrary, she testified that she
reasonably believed that the traffic would continue to move while she briefly
tended to her child, and that she could safely move forward as well.

        Considering all the evidence,
we hold that the jury’s answer to Question No. 1 was not contrary to the great
weight and preponderance of the evidence so as to be clearly wrong and unjust. 
We overrule Zelbst’s issue.

        Having
overruled Zelbst’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed May 21, 2008

[CV06]